**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| JAMES EARL WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07-CV-80 CAS |
| ) | |
| UNITED STATES TREASURY ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This removed matter is before the Court on the motion to dismiss of the United States Treasury Department, the United States Secret Service and United States Contractors. Plaintiff filed this <u>Bivens</u> civil rights action in state court, alleging that the United States government has performed illegal experiments on him, using, among other things, "a sonic sound wave laser that is amplified by three major chemicals" (<u>see</u> Doc. 6-2, at 2); has altered information on the birth and death certificates of certain of plaintiff's relatives; and has caused Los Angeles Police Department offices to follow plaintiff and forge traffic tickets and rape charges against him.

Defendants argue that the complaint should be dismissed because it is frivolous, because it fails to state a claim upon which relief can be granted, and because the Court lacks subject matter jurisdiction. Plaintiff has filed a response in opposition to the motion to dismiss. The Court finds that the complaint is frivolous and fails to state a claim upon which relief can be granted. As a result, the Court will grant the motion to dismiss this case.

**28 U.S.C. § 1915(e)**

Under 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Plaintiff filed this action in state court without payment of the required filing fee. Defendants removed the case to this Court on January 18, 2007.

The complaint appears to allege that the United States Treasury Department, the United States Secret Service, and unknown "United States Contractors" have conducted some type of illegal experiments on plaintiff. The complaint is largely incoherent and incomprehensible. Plaintiff seeks injunctive relief to prevent defendants from "changing [plaintiff's] Heritiage [sic] as promised in the year of 2000," and "changing of court records, medical records, name of said, physical abuse, or tampering with physical evidence, Mail, computer database information."

**Discussion**

Plaintiff's complaint fails to state a claim for denial of his constitutional rights. The allegations in the complaint are clearly delusional and are therefore properly dismissed under 28 U.S.C. § 1915(e)(2)(B). Denton, 504 U.S. at 32-33. In addition, plaintiff has not identified any individuals as being responsible for violating his constitutional rights. There is no respondeat superior liability under 42 U.S.C. § 1983. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). As a result, plaintiff's claim fails to state a claim upon which relief can be granted against the named defendants.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss is **GRANTED**. [Doc. 16]

**IT IS FURTHER ORDERED** that this case is **DISMISSED**.

An appropriate order of dismissal shall accompany this Memorandum and Order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of March, 2007.